# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANGELA MORGAN, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

ORLANDO HEALTH, INC.,
G&G ORGANIZATION, LTD. d/b/a
PFS GROUP, and RMB, INC.,

    Defendants.

Case No. 6:17-cv-01972-CEM-GJK

## PLAINTIFF'S MOTION IN LIMINE #10
## TO EXCLUDE DEFENDANTS' WITNESSES FROM COURTROOM
## AND TO BAR DEFENSE WITNESSES AND DEFENSE COUNSEL
## FROM DISCUSSING ANY WITNESS'S TRIAL OR
## DEPOSITION TESTIMONY WITH ANY OTHER WITNESS

Plaintiff, Angela Morgan, prior to the selection of the jury, moves this Court *in limine* to enter an Order excluding all of Defendants' witnesses (except for any Defendant's corporate representative, after being designated as such by that Defendant's counsel) from the courtroom prior to testifying; and further barring each of defense witness (no exceptions), each Defendant, and each defense counsel from discussing directly or indirectly (including but not limited to the provision of a transcript or summary thereof) any witness's trial or deposition testimony with any other witness, including designated corporate representatives. In support of this motion, Plaintiff states as follows:

  1.  Rule 615 provides: "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding: (a) a party who is a natural person;(b) an

officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present." Fed. R. Evid. 615.

2. Rule 615, however, puts no limit on the Court's power to fashion a more far-reaching sequestration order appropriate to the circumstances of the case. The Rule does not supplant the Court's inherent sequestration authority. *See United States v. Sepulveda*, 15 F.3d 1161, 1175-77 (1st Cir. 1993).

3. Therefore, while each Defendant's corporate representative cannot be barred from the courtroom after being designated as such by that Defendant's counsel, the Court can and should exclude each of Defendants' other witnesses from the courtroom prior to testifying.

4. Along the same lines, the Court can and should bar <u>all</u> defense witnesses (with no exceptions), <u>each</u> Defendant, and <u>each</u> defense counsel from discussing directly or indirectly (including but not limited to the provision of a transcript or summary thereof) any witness's trial or deposition testimony with any other witness, including designated corporate representatives. *See id.*

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned certifies that counsel for Plaintiff conferred with counsel for Defendants, who object to the relief sought by this Motion.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order *in limine*: **(A)** excluding all of Defendants' witnesses (except for any Defendant's corporate

representative, after being designated as such by that Defendant's counsel) from the courtroom prior to testifying; and **(B)** barring each of defense witness (no exceptions), each Defendant, and each defense counsel from discussing directly or indirectly (including but not limited to the provision of a transcript or summary thereof) any witness's trial or deposition testimony with any other witness, including designated corporate representatives.

    Respectfully submitted,

*/s/ Heather H. Jones*
Heather H. Jones, Esq.
Florida Bar No. 0118974
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd.
Tampa, FL  33629
Telephone: (813) 500-1500, ext. 205
Facsimile: (813) 435-2369
Heather@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*

Keith J. Keogh (FBN 0126335)
Theodore H. Kuyper (*pro hac vice*)
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (fax)
keith@keoghlaw.com
tkuyper@keoghlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, I caused the foregoing *Plaintiff's Motion in Limine #10 To Exclude Defendants' Witnesses From Courtroom and To Bar Defense Witnesses and Defense Counsel From Discussing Any Witness's Trial or Deposition Testimony With Any Other Witness* to be served upon all counsel of record via electronic filing using the CM/ECF system.

    /s/ Heather H. Jones

84609